UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04 10278PBS

)
COMCAST OF MASSACHUSETTS III, INC. )
 ("COMCAST") )
               Plaintiff )
)
v. )
)
WILLIAM MANNING )
    (misnamed) Defendant )
)

DEFENDANT'S ANSWER TO COMPLAINT

Now comes the "misnamed" defendant, William Manning, and answers the plaintiff's complaint as follows:

1. The defendant denies the allegations contained in paragraph 1 and calls upon the plaintiff to prove the allegations contained in paragraph 1.

2. The defendant denies the allegations contained in paragraph 2 and calls upon the plaintiff to prove the allegations contained in paragraph 2.

3. The defendant neither admits nor denies the allegations contained in paragraph 3 as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 3.

4. The defendant admits that he currently resides at 735 Commercial Street, Braintree, MA 02184. The defendant neither admits nor denies the allegations contained in the remainder

paragraph 4 as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 4.

5. The defendant neither admits nor denies the allegations contained in paragraph 5, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 5.

6. The defendant neither admits nor denies the allegations contained in paragraph 6, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 6.

7. The defendant neither admits nor denies the allegations contained in paragraph 7, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 7.

8. The defendant neither admits nor denies the allegations contained in paragraph 8, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 8.

9. The defendant neither admits nor denies the allegations contained in paragraph 9, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 9.

10. The defendant neither admits nor denies the allegations

contained in paragraph 10, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 10.

11. The defendant neither admits nor denies the allegations contained in paragraph 11, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 11.

12. The defendant neither admits nor denies the allegations contained in paragraph 12, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 12.

13. The defendant denies the allegations contained in paragraph 13 as to himself and calls upon the plaintiff to prove the allegations contained in paragraph 13 regarding the defendant. The defendant neither admits nor denies the remainder of the allegations contained in paragraph 13, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 13.

14. The defendant denies the allegations contained in paragraph 14 and calls upon the plaintiff to prove the allegations contained in paragraph 14.

15. The defendant denies the allegations contained in

paragraph 15 and calls upon the plaintiff to prove the allegations contained in paragraph 15.

16. The defendant denies the allegations contained in paragraph 16 and calls upon the plaintiff to prove the allegations contained in paragraph 16.

17. The defendant denies the allegations contained in paragraph 17 and calls upon the plaintiff to prove the allegations contained in paragraph 17.

18. The defendant denies the allegations contained in paragraph 18 and calls upon the plaintiff to prove the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19 and calls upon the plaintiff to prove the allegations contained in paragraph 19.

20. The defendant neither admits nor denies the allegations contained in paragraph 20, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 20.

21. The defendant denies the allegations contained in paragraph 21 and calls upon the plaintiff to prove the allegations contained in paragraph 21.

22. The defendant denies the allegations contained in paragraph 22 in so far that he did not illegally intercept and use cable transmissions. The defendant neither admits nor denies

the remainder of the allegations contained in paragraph 22, as he has insufficient evidence upon which to base an admission or a denial and calls upon the plaintiff to prove the allegations contained in paragraph 22.

23. The defendant denies the allegations contained in paragraph 23 and calls upon the plaintiff to prove the allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24 and calls upon the plaintiff to prove the allegations contained in paragraph 24.

25. The defendant denies the allegations contained in paragraph 25 and calls upon the plaintiff to prove the allegations contained in paragraph 25.

26. The defendant denies the allegations contained in paragraph 26 and calls upon the plaintiff to prove the allegations contained in paragraph 26.

27. The defendant denies the allegations contained in paragraph 27 and calls upon the plaintiff to prove the allegations contained in paragraph 27.

FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim must fail due to misnomer of a party.

SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim must fail due to insufficiency of process.

THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim must fail due to insufficiency of service of process.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred because plaintiff failed to mitigate its damages if any.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's complaint must fail due to the defendant's rescission of the alleged agreement.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's complaint must fail due to the doctrine of laches.

The defendant requests trial by jury.

WHEREFORE, the defendant requests that judgment enter for the defendant with interest, costs and legal fees and expenses payable to the defendant.

Respectfully submitted,
William Manning "Misnamed"
By his attorneys,

Mary T. Goulart-Kerr, Esq.
Law Office of David M. Shaw, P.C.
17 Storrs Ave.
Braintree, MA 02184
B.B.O. # 643463

Dated: March 5, 2004

CERTIFICATE OF SERVICE

    I, Mary T. Goulart-Kerr, Esq., hereby certify that on this 5th day of March, 2004, I served a true and correct copy of Defendant's Answer to Plaintiff's Complaint, on the Plaintiff by mailing the same postage pre-paid to Plaintiff's attorney of record, John M. McLaughlin, Esq. at McLaughlin Sacks, LLC, 31 Trumball Road, Northampton, MA 01060

    Signed under the pains and penalties of perjury this 5th day of March, 2004.

_____
Mary T. Goulart-Kerr, Esq.